# THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA

In re:                                                          Case No. 13-32348-LMI
                                                                Chapter 7

    Manuel Luis

    Debtor.
_____/
DREW M. DILLWORTH as TRUSTEE,

    Plaintiff,

-vs-

    Manuel Luis,                                   Adv. Case No.

    Defendant.
_____/

## **COMPLAINT**

    Comes Now, Plaintiff, Drew M. Dillworth as Chapter 7 Trustee of the Bankruptcy Estate of Manuel Luis, and sues the Debtor, Manuel Luis, seeking to deny the Debtor's entire bankruptcy discharge and states the following in support thereof:

1. Debtor (Manuel Luis) filed a voluntary petition in bankruptcy under Title 11 of the United States Code on the 19th day of September, 2013.

2. Plaintiff, Drew M. Dillworth as Chapter 7 Trustee of the Bankruptcy Estate of Manuel Luis, is the duly-appointed and permanent Chapter 7 Trustee of the Bankruptcy Estate of Manuel Luis, in Parent Case No. 13-32348-LMI.

3. This Court has jurisdiction over this matter, venue is proper in this Court and all parties hereto are *sui juris*.

4. On November 7th, 2013, Debtor filed his *Amended Schedules* [DE#27] and disclosed an interest's in a business: Tomas Luis

1

Building Contractor, Inc. [the "Business"] -- which Debtor valued as unknown.

5. The Business is a general contracting company in Miami Florida, which has operated since 1995; and, is currently active.

6. Debtor has testified that he has been the sole 100% owner of the Business since 2002 and has also been the person who controls all operating and financial aspects of the Business.

7. At all times material, Debtor was the primary decision-maker concerning financial matters for the Business.

8. Debtor testified at his 2004 examination that the Business did not own any vehicles or have any assets. Yet, the Trustee discovered through his research the following assets of the Business which were apparently being used by Debtor individually in a scheme to avoid his creditors by placing these in the name of the Business:

   a. Checking account with BB&T Bank under account No. X7693 ("BB&T Account") with $12,412.62 on deposit as of the Petition Date;

   b. 2003 Ford E-350 Vehicle ("F2003 Vehicle"); and,

9. The Debtor, after filing bankruptcy commenced the transfer and liquidation of the value of the corporation for his personal use and simply depleted the BB&T Account to avoid his creditors and the Trustee from liquidating the Business for the benefit of the creditors.

10. Debtor testified that he did not have a personal bank account under his name; yet, he was paying himself a salary from the Business on a weekly basis in the amount of no less than $800.00 -- which Debtor would later cash out at a Check Cashing Store. This cashing of his checks and not utilizing a bank account was to avoid the payment of his creditors and otherwise hide his income.

11. Debtor has been using the Business and the BB&T account to avoid his creditors and the Trustee claiming an interest in same and otherwise continues post-petition to utilize the BB&T Account for his own use and pay his personal expenses.

12. Further, the Trustee has demanded surrender and turnover of the BB&T account and the business and its assets but Debtor continues to operate same and ignore the Trustee's requests.

**COUNT I – Denial of Discharge Per 11 U.S.C. §§727(a)(4)(A) and (D)**

13. Paragraphs 1-12 are herein re-alleged and re-averred.

14. Debtor has knowingly and fraudulently, in or in connection with this bankruptcy case, made a false oath or account and withheld recorded information relating to the Debtor's property or financial affairs from the Trustee, as an officer of the Estate entitled to possession.

15. The above-stated matters are non-exclusive examples of such false oaths and withholding of recorded information relating to the Debtor's property or financial affairs.

16. As such, the Debtor is not entitled to a bankruptcy discharge.

**WHEREFORE,** the Plaintiff demands judgment in his favor, and for such other and further relief this Court deems equitable and just.

### COUNT II – Denial of Discharge Per 11 U.S.C. §727(a)(5)

17. Paragraphs 1-16 are herein re-alleged and re-averred.
18. As set forth above, and as a non-exclusive example, the Debtor has failed to explain satisfactorily, before determination of denial of discharge, any loss of assets or deficiency of assets to meet the Debtor's liabilities.
19. The Debtor's discharge must therefore be denied.

**WHEREFORE,** the Plaintiff demands judgment in his favor and against the Debtor, and for such other and further relief this Court deems equitable and just.

### COUNT III – Denial of Discharge Per 11 U.S.C. Section 727(a)(3)

20. Paragraphs 1-16 are herein re-averred and re-alleged.
21. The Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records and papers, from which the Debtors' financial condition or business transactions might be ascertained.
22. The Debtor's discharge must therefore be denied.

**WHEREFORE,** the Plaintiff demands judgment in his favor and against the Debtor, and for such other and further relief this Court deems equitable and just.

### COUNT IV – Denial of Discharge Per 11 U.S.C. Section 727(a)(2)

23. Paragraphs 1-16 are herein re-alleged and re-averred.
24. The Debtor, with intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under Title 11, has transferred, removed, destroyed, mutilated or concealed, or has permitted to be transferred, removed, destroyed or concealed:
    a. property of the debtor within one year before the date of the filing of the petition; or,

4

      b.    property of the estate after the date of the filing of the petition.

18.    Examples of same are set forth above, and the Debtor's discharge must therefore be denied.

**WHEREFORE,** the Plaintiff demands judgment in his favor and against the Debtor, and for such other and further relief this Court deems equitable and just.

I HEREBY CERTIFY that I am admitted to the Bar for the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice before this Court as set forth in Local Rule 2090-1(A).

Respectfully submitted this 1st, day of August, 2016.

                                JAMES B. MILLER, P.A.
                                19 West Flagler Street, Suite 416
                                Miami, FL 33130
                                Tel. No. (305) 374-0200
                                Fax. No. (305) 374-0250
                                Email: jbm@title11law.com

                                BY:_____/s/_____
                                  JAMES B. MILLER
                                  Fla. Bar No. 0009164